IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARLEY C. BRIDGEMAN,

    Petitioner,

v.

CHANDA J. BRIDGEMAN,

    Respondent.

No. MISC S-08-0100 FCD DAD PS

FINDINGS AND RECOMMENDATIONS

Petitioner, proceeding pro se, commenced this case by presenting a document titled "Motion for Federal Jurisdiction & Investigation, Supporting Declaration, Request for Restraining Orders" in connection with what he described as a "family law matter" pending in the El Dorado County Superior Court. In his civil cover sheet, petitioner claims federal question and removal jurisdiction and describes his cause of action as "non compliance of statutory duty." Petitioner also submitted a "Temporary Restraining Order (TRO) Checklist" form to the court. Petitioner did not file a complaint and did not apply for leave to proceed in forma pauperis nor did he pay the $350 filing fee required for commencing a federal civil case.[1] A miscellaneous

---

[1] It appears that plaintiff paid the $39.00 fee for the filing of a miscellaneous case on August 5, 2008. However, that payment was not entered on the court's docket for this case until September 4, 2009.

1

case was opened by the Clerk of the Court, and the proceeding was referred to the undersigned pursuant to Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

Petitioner's filings have not effected the removal of any case from state court. A civil action is removable from a state court to the appropriate federal district court only if the federal court would have had original jurisdiction had the case been filed in the federal court initially. 28 U.S.C. § 1441(a). Petitioner's family law case is not a case that could have been commenced in federal court and this court would not have removal jurisdiction over the case if petitioner had followed proper removal procedure.

Nor can petitioner acquire federal jurisdiction over the family law matter by motion. District courts are courts of limited jurisdiction and may adjudicate only those cases authorized by the Constitution and by Congress. U.S. Const. Art. III, §§ 1 & 2; Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Statutes that regulate specific subject matter may also confer federal jurisdiction. See generally W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Fed. Civ. Proc. Before Trial (2008) § 2:5.

A party who wishes to file a civil action in federal court must file a complaint. Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). The complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," as well as "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8. Unless the complaint presents a plausible assertion of a substantial federal right, the federal court will not have federal question jurisdiction pursuant to 28 U.S.C. § 1331. Bell v. Hood, 327 U.S. 678, 682 (1945).

Here, petitioner has not filed a complaint, and the court cannot adjudicate his motions and requests in this miscellaneous case. See Local Rule 65-231(c) (no hearing will be set on a request for temporary restraining order unless a complaint and other documents have

been provided to the court and the affected parties or their counsel[2]).  If petitioner wishes to proceed with a federal civil action concerning a matter over which this court has original jurisdiction, he must commence such an action by filing a complaint that complies with Federal Rule of Civil Procedure 8 and demonstrates a basis for federal jurisdiction.  Petitioner must also pay the required filing fee of $350.00 or submit an application for leave to proceed in forma pauperis.  See 28 U.S.C. §§ 1914(a) and 1915(a).

It does not appear that petitioner can commence a federal civil action regarding the issues raised in his motions.  In his initial request for a TRO, petitioner reveals that he is the respondent in family law proceedings in the El Dorado County Superior Court .  He alleges wrongdoing by the local district attorney, local law enforcement, and Child Protective Services.  He seeks orders restraining "any individual or entity who has partaken in these or any other wrongdoing in this matter" from making contact with his wife and any of her four children pending a complete investigation by federal authorities.  Petitioner cites a federal rule of criminal procedure and suggests that a grand jury be convened.

Federal district courts lack jurisdiction to review alleged errors in state court decisions.  Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983) (holding that review of state court determinations can be obtained only in the United States Supreme Court).  This principle applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  A federal district court is also prohibited from exercising subject matter jurisdiction over a suit that is "a de facto appeal" from a state court order.  Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004).  In addition, a federal district court may not examine claims that are inextricably intertwined with state court decisions,

---

[2] The court's TRO checklist lists "complaint" as the first of seven documents that must be filed with a request for TRO and, unless impossible, served on all affected parties.

"even where the party does not directly challenge the merits of the state court's decision but rather brings an indirect challenge based on constitutional principles." <u>Bianchi v. Rylaarsdam</u>, 334 F.3d 895, 900 n.4 (9th Cir. 2003). <u>See</u> <u>also</u> <u>Ignacio v. Judges of U.S. Court of Appeals</u>, 453 F.3d 1160, 1165-66 (9th Cir. 2006) (affirming district court's dismissal of the case "because the complaint is nothing more than another attack on the California superior court's determination in [plaintiff's] domestic case"). "The purpose of the doctrine is to protect state judgments from collateral federal attack." <u>Doe & Assocs. Law Offices v. Napolitano</u>, 252 F.3d 1026, 1030 (9th Cir. 2001).

By his initial request for restraining orders, petitioner complains of injuries caused by state-court orders and decisions rendered prior to the opening of this district court miscellaneous case. In his recently filed ex parte request for relief from a state court order, petitioner seeks custody of two of his children, a restraining order against his oldest son, an order requiring his wife to enter a domestic violence/anger management program, and an order preventing his father-in-law from being left alone with any of petitioner's children. All of petitioner's claims are inextricably intertwined with state court decisions regarding family law matters. This court cannot review those decisions. "Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined," and the district court lacks jurisdiction. <u>Doe & Assocs.</u>, 252 F.3d at 1030. Thus, petitioner's claims are barred and the filing of a civil action in this court would be futile.[3]

/////

/////

---

[3] In addition, the Eleventh Amendment bars suits against a state or its agencies, regardless of the relief sought and even where jurisdiction is predicated on a federal question, absent the state's affirmative and unequivocal waiver of its immunity or congressional abrogation of that immunity. <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 98-99 (1984); <u>Yakama Indian Nation v. State of Wash. Dep't of Revenue</u>, 176 F.3d 1241, 1245 (9th Cir. 1999); <u>Durning v. Citibank, N.A.</u>, 950 F.2d 1419, 1422-23 (9th Cir. 1991).

Accordingly, IT IS RECOMMENDED that:

1. Petitioner's August 5, 2008 motion for federal jurisdiction and investigation and accompanying request for restraining orders (Doc. No. 1) be denied;

2. Petitioner's August 11, 2009 ex parte motion for relief from order (Doc. No. 3) be denied;

3. This miscellaneous action be dismissed with prejudice pursuant to the <u>Rooker-Feldman</u> doctrine; and

4. This case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fifteen (15) days after being served with these findings and recommendations, petitioner may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 8, 2009.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
bridgeman0100.misc.tro.f&r